Michael K. Brown (SBN 104252)
mkbrown@reedsmith.com
Lisa M. Baird (SBN 179958)
lbaird@reedsmith.com
Mildred Segura (SBN 210850)
msegura@reedsmith.com
Elizabeth G. Minerd (SBN 260971)
eminerd@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendants
Medtronic, Inc. and Medtronic Sofamor
Danek USA, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SARVANAZ KASHANI-MATTS,

Plaintiff,

vs.

MEDTRONIC, INC.; MEDTRONIC SOFAMOR DANEK USA, INC.; and DOES 1-100, inclusive,

Defendants.

Case No.: 8:13-CV-01161-CJC-RNB

**DEFENDANTS MEDTRONIC, INC. AND MEDTRONIC SOFAMOR DANEK USA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Complaint Filed: August 1, 2013
FAC Filed: October 4, 2013
SAC Filed: December 12, 2013

Date: February 24, 2014
Time: 1:30 p.m.
Place: Courtroom 9B

Honorable Cormac J. Carney

[Filed concurrently with Notice of Motion and Motion; Declaration of Michael K. Brown; [Proposed] Order]

# TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. This Court Already Rejected Plaintiff's Attempts To Plead A Parallel Claim Based On The Exact Same Allegations Of Off-Label Promotion .......... 2

B. Plaintiff's Attempts To Plead A Parallel Claim Based On New Vague, Conclusory Allegations Of Federal Violations Fail .......... 3

1. Plaintiff's Design Defect Claim Remains Preempted .......... 4

2. Plaintiff's Failure To Warn Claim Remains Preempted .......... 6

C. Independent Of Preemption Plaintiff's Strict Liability Design Defect Claim Is Barred Because California Has Adopted The Restatement (Second) Of Torts Section 402A, Comment K .......... 7

D. Plaintiff's Fraud Claims Should Be Dismissed With Prejudice Because Plaintiff Has Abandoned Her Fraud Claims .......... 8

III. CONCLUSION .......... 9


REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

## Cases

*Artiglio v. Superior Court*,
22 Cal. App. 4th 1388 (1994) .......... 7

*Brown v. Superior Court*,
44 Cal. 3d 1049 (1988) .......... 7

*Bryant v. Medtronic, Inc.*,
623 F.3d 1200 (8th Cir. 2010) .......... 4, 5

*Buckman Co. v. Plaintiffs' Legal Comm.*,
531 U.S. 341 (2001) .......... 1

*Caplinger v. Medtronic, Inc.*,
921 F. Supp. 2d 1206 (W.D. Okla. 2013) .......... 4, 6

*Cohen v. Guidant Corp.*,
2011 WL 637472 (C.D. Cal. Feb. 15, 2011) .......... 5

*Dawson v. Medtronic, Inc.*,
2014 WL 37851 (D.S.C. Jan. 6, 2014) .......... 3, 9

*Erickson v. Boston Scientific Corp.*,
846 F. Supp. 2d 1085 (C.D. Cal. 2011) .......... 5

*Garrett v. Howmedica Osteonics Corp.*,
214 Cal. App. 4th 173 (2013) .......... 7

*Houston v. Medtronic, Inc.*,
---F. Supp. 2d---, 2013 WL 3927839 (C.D. Cal. July 30, 2013) .......... 4, 5, 6

*Hufft v. Horowitz*,
4 Cal. App. 4th 8 (1992) .......... 7

*Kashani-Matts v. Medtronic, Inc.*,
2013 WL 6147032 (C.D. Cal. Nov. 22, 2013) .......... passim

*Ledet v. Medtronic, Inc.*,
2013 WL 6858858 (S.D. Miss. Dec. 30, 2013) .......... 3, 4, 6

*Otis-Wisher v. Fletcher Allen Health Care, Inc.*,
2013 WL 3214714 (D. Vt. June 25, 2013) .......... 4

*Plenger v. Alza Corp.*,
11 Cal. App. 4th 349 (1992) .......... 7

*Rhynes v. Stryker Corp.*,
2011 WL 2149095 (N.D. Cal. May 31, 2011) .......... 7

*Riegel v. Medtronic, Inc.*,
552 U.S. 312 (2008) .......... 1, 7

*Wolicki-Gables v. Arrow Int'l, Inc.*,
634 F.3d 1296 (11th Cir. 2011) .......... 5

*Yourish v. California Amplifier*,
191 F.3d 983 (9th Cir. 1999) .......... 8

## Statutes

21 U.S.C. § 337(a) .......... 1

21 U.S.C. § 360c(a)(1)(C)(ii) .......... 7
21 U.S.C. § 360k(a) .......... 1
Restatement (Second) of Torts § 402A Comment k .......... 2, 7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# I. INTRODUCTION

This Court granted Medtronic's previous Motion to Dismiss on November 22, 2013, and held that all of Plaintiff's claims were expressly preempted by the Medical Device Amendments (MDA) to the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 360k(a) as interpreted by the United States Supreme Court in *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008), and impliedly preempted by *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001) and the "no private right of action clause" of the FDCA, 21 U.S.C. § 337(a).

In particular, this Court found that Plaintiff's claims for strict products liability—design defect and strict products liability—failure to warn were both expressly preempted. *Kashani-Matts v. Medtronic, Inc.*, 2013 WL 6147032, *4 (C.D. Cal. Nov. 22, 2013). This Court further found that Plaintiff's fraud-based claims were preempted to the extent that they "are premised on alleged misrepresentations or omissions in the labeling or warnings accompanying the Infuse Device." *Id.* at *5. Finally, the Court also found that Plaintiff failed to adequately plead facts sufficient to support her alleged fraud claims under Rule 9(b). *See id.* ("Although the FAC is over 80 pages and 300 paragraphs long, it is lacking in substantive, nonconclusory facts. . . . Without the particular details of the alleged fraud, Plaintiff's fraudulent misrepresentation/fraud in the inducement and 'strict liability—misrepresentation' claims fail.").

Even though this Court's order was quite clear about the scope and application of express and implied preemption as well as Plaintiff's failure to plead sufficient substantive, nonconclusory facts, Plaintiff has now filed her Second Amended Complaint [*Doc. 18*] which merely restates the same defective allegations ***almost verbatim***. Likely recognizing that she is unable to state a valid fraud claim with sufficient particularity, Plaintiff has dropped her fraud causes of action in her current Complaint.

The only new allegations Plaintiff has added to her current Complaint are a few conclusory statements that the Infuse Device "was manufactured with a different product design then that approved by the FDA" [*Doc. 18*, ¶ 289] and that Medtronic "failed to adhere to the approved FDA labeling" [*id.*, ¶ *4*]. These conclusory allegations do not save Plaintiff's claims from preemption.

Moreover, although this Court did not address it in its prior order, Plaintiff's "strict products liability—design defect" claim alternatively must also be dismissed because California has adopted the Restatement (Second) of Torts § 402A Comment k, which precludes strict liability design defect claims for implanted prescription medical devices like the Infuse Device. For all these reasons, Medtronic's Motion to Dismiss should be granted without leave to amend.

## II. ARGUMENT[1]

### A. This Court Already Rejected Plaintiff's Attempts To Plead A Parallel Claim Based On The Exact Same Allegations Of Off-Label Promotion

As with Plaintiff's First Amended Complaint, in an attempt to assert a "parallel claim" that escapes express preemption, Plaintiff's Second Amended Complaint reiterates ***identical*** allegations concerning alleged off-label promotion. Indeed, almost all of the factual allegations alleged in the First Amended Complaint are repeated ***verbatim*** in the Second Amended Complaint. *See Declaration of Michael K. Brown ("Brown Decl."), Ex. 1 (redline comparison of Second Amended Complaint to First Amended Complaint)*. However, this Court has already rejected Plaintiff's attempts to state a parallel claim based on these same allegations.

In particular, this Court found that Plaintiff's strict products liability—design defect and strict products liability—failure to warn claims were preempted. *Kashani-Matts*, 2013 WL 6147032, *4. As to the design defect claim, this Court held that it

[1] Because these issues were previously briefed and argued, Medtronic incorporates its prior briefs by reference here. *See Doc. 7* (Medtronic's Motion to Dismiss, filed October 28, 2013) *and Doc. 16* (Medtronic's Reply in Support of Motion to Dismiss, filed November 20, 2013).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

was preempted because it "is an 'attack' on the FDA review process rather than a parallel state claim." *Id.; see also Ledet v. Medtronic, Inc.*, 2013 WL 6858858, *4 (S.D. Miss. Dec. 30, 2013) (Infuse Device case; dismissing as preempted design defect claim alleging that the design was defective when device was used off-label) (*attached as Ex. 2 to the Brown Decl.*). Similarly, as to the failure to warn claim, this Court held that it was preempted because it would "[r]equir[e] additional warnings in the Infuse Device labeling" and therefore "would impose requirements 'different from, or in addition to' the FDA approved labeling requirements specific to the Infuse Device." *Kashani-Matts*, 2013 WL 6147032, *4; *see also Ledet*, 2013 WL 6858858, *4 (dismissing as preempted failure to warn claim alleging failure to warn of risks of off-label use).

Because Plaintiff's allegations regarding purported off-label promotion form the basis of her claims and are identical to her prior Complaint, Plaintiff's claims should now be dismissed with prejudice. Notably, this Court granted Plaintiff leave to *amend* her claims, but instead of bona fide amendments, Plaintiff has merely repeated the same off-label promotion allegations that this Court already found to be "lacking in substantive, nonconclusory facts." *Kashani-Matts*, 2013 WL 6147032, *5. Recently, in *Dawson v. Medtronic, Inc.*, 2014 WL 37851 (D.S.C. Jan. 6, 2014), a similar Infuse Device case, the Court dismissed that plaintiff's operative complaint with prejudice after the Court found that the plaintiff had failed to cure the deficiencies in her complaint after being granted the opportunity to do so. *Id.* at *1. Similarly here, this Court should dismiss Plaintiff's Second Amended Complaint with prejudice because Plaintiff has utterly failed to cure the deficiencies that this Court identified in its prior order.

**B. Plaintiff's Attempts To Plead A Parallel Claim Based On New Vague, Conclusory Allegations Of Federal Violations Fail**

Likely recognizing that she has not pled a parallel claim based on off-label promotion (and indeed did not even attempt to amend her allegations to do so),

Plaintiff makes a half-hearted attempt to plead a parallel claim based on vague allegations of other alleged federal violations. In particular, Plaintiff attempts to plead parallel design defect and failure to warn claims by alleging that the Infuse Device "was manufactured with a different product design then that approved by the FDA" [*Doc. 18,* ¶ 289] and Medtronic "failed to adhere to the approved FDA labeling" [*id.,* ¶ *4*]. However, Plaintiff fails to support these conclusory allegations with any additional ***factual*** allegations. These conclusory allegations are simply insufficient to state a valid parallel claim.

**1. Plaintiff's Design Defect Claim Remains Preempted**

As this Court has already determined, Plaintiff's design defect claim is expressly preempted. *Kashani-Matts*, 2013 WL 6147032, *4; *see also Caplinger v. Medtronic, Inc.*, 921 F. Supp. 2d 1206, 1222 (W.D. Okla. 2013) (holding that plaintiff's design defect claim "is the exact type of claim that is expressly preempted under § 360ka(a)"); *Houston v. Medtronic, Inc.*, ---F. Supp. 2d---, 2013 WL 3927839, *8 (C.D. Cal. July 30, 2013) (holding that plaintiff's design defect claim is expressly preempted because it "attacks 'the risk/benefit analysis that led the FDA to approve an inherently dangerous Class III device.'") (quoting *Bryant v. Medtronic, Inc.*, 623 F.3d 1200, 1206 (8th Cir. 2010)); *Otis-Wisher v. Fletcher Allen Health Care, Inc.*, --- F. Supp. 2d ----, 2013 WL 3214714 (D. Vt. June 25, 2013) (as to design defect claim, "Plaintiff cannot state a parallel claim without stating a violation of federal law"); *Ledet*, 2013 WL 6858858, *4.

Plaintiff cannot save her design defect claim by adding the conclusory allegation that the Infuse Device "was manufactured with a different product design then [sic] that approved by the FDA." [*Compl.* ¶ *289*] Although this Court's prior order noted that Plaintiff's First Amended Complaint "does not allege that Medtronic sells Infuse Devices manufactured with a different product design then that approved by the FDA" [*Kashani-Matts*, 2013 WL 6147032, *4], the mere inclusion of this

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

conclusory allegation does not save Plaintiff's design defect claim and this Court's prior order did not hold that it would.

Courts around the country have overwhelmingly held that such conclusory allegations are insufficient to state a valid parallel claim. "Plaintiff cannot simply incant the magic words '[Defendant] violated FDA regulations' in order to avoid preemption'" but instead "must allege ***facts*** to substantiate that Defendants violated a particular federal requirement applicable to the subject device." *Houston*, 2013 WL 3927839, *9 (quoting *Wolicki-Gables v. Arrow Int'l, Inc.*, 634 F.3d 1296, 1301 (11th Cir. 2011); *see also id.* ("The vague allegation that Defendants violated federal law is 'insufficient to overcome the preemptive reach of § 360ka(a).'") (quoting *Caplinger*, 921 F. Supp. 2d at 1224).

In *Bryant*, the plaintiffs alleged that the device was designed "in a manner violative of the [MDA]." 623 F.3d at 1206. The Eighth Circuit rejected this design defect claim reasoning that "[a]bsent ***concrete*** allegations that the product sold by Medtronic was not the product design approved in the PMA Supplement, these are not parallel claims." As in *Bryant*, Plaintiff here has merely concluded that the device was designed differently that as approved by the FDA without alleging any concrete facts to support such a conclusion. *See Erickson v. Boston Scientific Corp.*, 846 F. Supp. 2d 1085, 1092-93 (C.D. Cal. 2011) (Allegations that the devices "were designed and/or manufactured in a manner violative of the [FDCA]" were insufficient to state a parallel claim; "Plaintiff fails to allege how Defendants deviated from any specific FDA requirements, or how these violations affect the [devices] at issue."); *see also Cohen v. Guidant Corp.*, 2011 WL 637472, *2 (C.D. Cal. Feb. 15, 2011) (Plaintiff cannot state a parallel claim by merely "list[ing] boilerplate FDA regulations without linking any of those regulations to a defect in his specific [device] that was caused by Defendants violating FDA regulations.").

Plaintiff's attempt to plead a parallel claim by merely copying these "magic words" from this Court's prior order without adding any additional facts to





REED SMITH LLP
A limited liability partnership formed in the State of Delaware

substantiate such a claim should be rejected. Accordingly, Plaintiff's design defect claim should now be dismissed with prejudice.

**2. Plaintiff's Failure To Warn Claim Remains Preempted**

As this Court has already determined, Plaintiff's failure to warn claim is expressly preempted. *Kashani-Matts*, 2013 WL 6147032, *4; *see also Caplinger*, 921 F. Supp. 2d at 1221 (holding that Plaintiff's failure to warn claim "is the exact type of claim that is expressly preempted under § 360ka(a)"); *Houston*, 2013 WL 3927839, *8 ("Plaintiff's strict products liability failure to warn claim is expressly preempted by the MDA" because "[f]or Plaintiff to prevail, a jury would have to find either that Defendants were required to include warnings beyond those in the FDA-approved label for the Infuse Device, or that Defendants were obligated to issue post-sale warnings about potential adverse effects of using the Infuse Device in an off-label manner."); *Ledet*, 2013 WL 6858858, *4.

As with her design defect claim, Plaintiff cannot save her failure to warn claim by adding the conclusory allegation that the label of the Infuse Device "failed to provide the level of information required by the FDA" (*Doc. 18, ¶ 276*) and that Medtronic "fail[ed] to adhere to the FDA's approved labeling" (*id., ¶ 289*).[2] Although this Court's prior order noted that Plaintiff's First Amended Complaint "does not allege that the product labeling accompanying the Infuse Device deviated from the labeling approved by the FDA" [*Kashani-Matts*, 2013 WL 6147032, *4], the mere inclusion of this conclusory allegation does not save Plaintiff's failure to warn claim and this Court's prior order did not hold that it would.

As with Plaintiff's design defect claim, Plaintiff's attempt to plead a parallel failure to warn claim by merely incanting these "magic words" without adding any additional facts to substantiate such a claim should be rejected. Accordingly, Plaintiff's failure to warn claim should now be dismissed with prejudice.

---

[2] Notably, although Plaintiff alleges that Medtronic "failed to adhere" to the FDA approved label, Plaintiff does not allege that her doctor did not receive the FDA approved label.





REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### C. Independent Of Preemption Plaintiff's Strict Liability Design Defect Claim Is Barred Because California Has Adopted The Restatement (Second) Of Torts Section 402A, Comment K

Although not addressed in this Court's prior order, Plaintiff's strict liability design defect claim is barred by California law. California has adopted the Restatement (Second) of Torts Section 402A, comment k, which precludes liability for manufacturers of prescription medical devices under a design defect theory. Rather, under traditional tort theories in cases not involving preemption, a medical device manufacturer can only be liable if they are found to have improperly manufactured a device or failed to warn of its known or knowable dangers. *See Brown v. Superior Court*, 44 Cal. 3d 1049, 1061 (1988) (prescription drugs); *Garrett v. Howmedica Osteonics Corp.*, 214 Cal. App. 4th 173, 178 (2013) (implanted device); *Artiglio v. Superior Court*, 22 Cal. App. 4th 1388, 1397 (1994) (same); *Plenger v. Alza Corp.*, 11 Cal. App. 4th 349, 360-361 (1992) (same); *Hufft v. Horowitz*, 4 Cal. App. 4th 8, 11, 20 (1992) (same); *see also Rhynes v. Stryker Corp.*, 2011 WL 2149095, *6-7 (N.D. Cal. May 31, 2011) (granting motion to strike strict liability design defect allegations reasoning that "controlling California law unequivocally prohibits strict liability claims for design defect against manufacturers of prescription implantable medical devices"). This blanket rule does not require a case-by-case analysis of the device's purpose. In other words, it applies to all such devices. *Hufft*, 4 Cal. App. 4th at 19.

Medical devices like the Infuse Device fall within comment k, because by definition, they are "purported or represented to be for a use in supporting or sustaining human life or for a use which is of substantial importance in preventing impairment of human health, or presents a potential unreasonable risk of illness or injury." *Riegel*, 552 U.S. at 317 (citing § 360c(a)(1)(C)(ii)). Furthermore, the Infuse Device is a prescription implanted medical device that can only be sold to physicians or hospitals. (*Doc. 9, Ex. B, p. 1 (stating "[t]he sale, distribution, and use of this*





REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*device are restricted to prescription use."*)). Thus, Plaintiffs' strict liability design defect claim is barred under California law.

**D. Plaintiff's Fraud Claims Should Be Dismissed With Prejudice Because Plaintiff Has Abandoned Her Fraud Claims**

Although this Court's prior order granted Plaintiff leave to file a Second Amended Complaint as to all of her causes of action within twenty days of the order [*Kashani-Matts*, 2013 WL 6147032, *6], Plaintiff failed to re-plead her two fraud-based causes of action for (1) fraudulent misrepresentation and fraud in the inducement, and (2) strict products liability—misrepresentation in her Second Amended Complaint. Plaintiff's time to re-plead her fraud causes of action has now expired. Accordingly, this Court should now dismiss these causes of action with prejudice. *See* Rule 41(b) ("If a plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action *or any claim against it*.") (emphasis added); *see also Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim.").

///

///

///

///

///

///

///

///

///

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## III. CONCLUSION

For the reasons stated above, Plaintiff's claims should be dismissed, this time ***with prejudice*** because this Court already gave Plaintiff an opportunity to amend and her current Complaint suffers from the exact same deficiencies as her prior Complaint. *Dawson*, 2014 WL 37851, *1.

Dated: January 15, 2014

REED SMITH LLP

By *<u>/s/ Michael K. Brown</u>*
Michael K. Brown
Lisa M. Baird
Mildred Segura
Elizabeth G. Minerd
*Attorneys for Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc.*