JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SARVANAZ KASHANI-MATTS,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MEDTRONIC, INC.; AND MEDTRONIC SOFAMOR DANEK USA, INC.,**<br><br>**Defendants.** | **Case No.: SACV 13-01161-CJC(RNBx)**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

## I. INTRODUCTION

Plaintiff Sarvanaz Kashani-Matts ("Plaintiff") filed this action against Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. (together, "Medtronic") on August 1, 2013, alleging state law products liability and fraud claims arising from complications following a 2008 operation in which a Medtronic medical device was

implanted in her spine. Before the Court is Medtronic's motion to dismiss the Second Amended Complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 22 ["Mot. Dismiss SAC"].) For the reasons stated below, Medtronic's motion is GRANTED.[1]

## II. BACKGROUND

This matter involves a prescription medical device manufactured by Medtronic called the Infuse Bone Graft / LT-Cage (the "Infuse Device"). (Dkt. No. 18 ["SAC"] ¶¶ 1–2.) Plaintiff was diagnosed with degenerative disc disease in July 2008 and, on October 16, 2008, underwent an anterior-approach cervical fusion in which the Infuse Device was implanted at levels C4–C7 of her spine. (SAC ¶¶ 22–23.) Plaintiff alleges that the Infuse Device subsequently migrated, caused uncontrolled bone growth, and damaged her spine. (SAC ¶ 26.) Plaintiff contends that the Infuse Device was approved by the Food & Drug Administration ("FDA") with an indication for use in anterior lumbar interbody fusions only, and the procedure she underwent, an anterior cervical fusion, was an "off-label" use of the device. (SAC ¶¶ 83–84.)

Plaintiff's First Amended Complaint ("FAC") pleaded four causes of action: (1) fraudulent misrepresentation and fraud in the inducement; (2) strict products liability — failure to warn; (3) strict products liability — design defect; and (4) strict products liability — misrepresentation. (Dkt. No. 6 ["FAC"].) The FAC's failure to warn claim alleged that Medtronic had a duty to warn Plaintiff and her physician of the dangers associated with off-label use of the Infuse Device and breached that duty by failing to do so. (FAC ¶¶ 284–89.) The design defect claim alleged that the Infuse Device was

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 24, 2014 at 1:30 p.m. is hereby vacated and off calendar.

defectively designed "because the risks of danger in the design outweigh the benefits of the design" when used "off-label in cervical spinal fusion surgeries." (FAC ¶¶ 304–05.) The FAC's fraud and misrepresentation claims both alleged that Medtronic misrepresented the dangers of off-label use of the Infuse Device. (*See* FAC ¶¶ 272, 318.) On November 22, 2013, the Court granted Medtronic's motion to dismiss the FAC. (Dkt. No. 17 ["Nov. 22, 2013 Order"].) The Court held that the failure to warn claim and design defect claim were expressly preempted under the Federal Food, Drug, and Cosmetic Act of 1938 ("FDCA") as amended by the Medical Device Amendments of 1976 ("MDA"). (*Id.* at 5–8.) The failure to warn claim was preempted because it would impose requirements different from, or in addition to, FDA-approved labeling requirements for the device, and the design defect claim was preempted because it was an attack on the risk/benefit analysis performed by the FDA during the approval process.[2] (*Id.*)

Plaintiff's SAC contains only limited amendments. The failure to warn claim was amended to allege that the warnings accompanying the Infuse Device "deviated and undermined the FDA approved labeling" and "failed to provide the level of information required by the FDA." (SAC ¶¶ 275–76.) Plaintiff amended her design defect claim to allege that the Infuse Device "was manufactured with a different product design then [*sic*] that approved by the FDA." (SAC ¶ 289.) No new substantive factual allegations were added to the SAC. (*See generally* SAC.)

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

[2] The fraud and misrepresentation claims in the FAC were dismissed on the basis of preemption as well as for failure to meet applicable pleading requirements. (*See* Nov. 22, 2013 Order at 8–10.) Plaintiff dropped these claims from the SAC.

sufficiency of the claims asserted in the complaint. In considering whether to dismiss a case for failure to state a claim, the issue before the court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the district court should grant the plaintiff leave to amend if the claim can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

## IV. ANALYSIS

As discussed more fully in the Court's November 22, 2013 Order, state law claims involving FDA-regulated medical devices may be subject to express preemption as well as implied preemption under the MDA. A claim is expressly preempted if it would impose requirements relating to safety or effectiveness that are "different from, or in addition to" federal requirements. *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 321–22 (2008). Implied preemption under the MDA bars claims seeking to enforce an exclusively federal requirement not grounded in traditional state tort law. *Buckman Co.*

*v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 352–53 (2001). Together, express preemption and implied preemption leave only a "narrow gap" through which the plaintiff's claims must fit in order to survive. *Perez v. Nidek Co.*, 711 F.3d 1109, 1120 (9th Cir. 2013).

The MDA does not prohibit states from creating parallel state duties that give rise to damage remedies premised on violations of FDA regulations. *Riegel*, 552 U.S. at 330. However, "Plaintiffs cannot simply incant the magic words '[defendant] violated FDA regulations' in order to avoid preemption." *Wolicki-Gables v. Arrow Int'l, Inc.*, 634 F.3d 1296, 1301 (11th Cir. 2011) (citation and quotation marks omitted). "To properly allege parallel claims, the complaint must set forth facts pointing to specific [FDA] requirements that have been violated." *Id.* (quoting *Parker v. Stryker Corp.*, 584 F. Supp. 2d 1298, 1301 (D. Colo. 2008)).

The new allegations in the SAC, that the labeling of the Infuse Device "deviated and undermined the FDA approved labeling ," (SAC ¶ 275), and that the device "was manufactured with a different product design then [*sic*] that approved by the FDA," (SAC ¶ 289), are conclusory and wholly unsupported by any alleged facts. The SAC appears to not contain *any* new material factual allegations. Simply adding the "magic words" that the device deviated from FDA-approved labeling and design, without any factual support, is not sufficient to save Plaintiff's claims from preemption. *See Wolicki-Gables*, 634 F.3d at 1301; *see also id.* ("[A]n allegation that 'the manufacturing processes for the device and certain of their . . . components did not satisfy the [FDA] standards for the devices' is insufficient to satisfy the requisite elements of a parallel claim as set forth in *Riegel* if the complaint fails to 'provide any factual detail to substantiate that crucial allegation.' ") (quoting *Parker*, 584 F. Supp. 2d at 1302); *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1206 (8th Cir. 2010) ("Absent concrete allegations that the product sold by [defendant] was not the product design approved in the PMA Supplement, these are not parallel claims.").

## V. CONCLUSION

For the foregoing reasons, Medtronic's motion to dismiss the SAC is GRANTED. Because Plaintiff has previously been given the opportunity to amend and her amended pleading contains the same defects as the prior complaint and no additional facts, the SAC is DISMISSED WITH PREJUDICE.

DATED: February 14, 2014

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE